******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# VIRGINIA BROWN *v.* ZONING BOARD OF APPEALS OF THE TOWN OF AVON
## (AC 46969)

Alvord, Cradle and Prescott, Js.*

*Syllabus*

The plaintiff appealed from the judgment of the trial court dismissing her appeal from the decision of the defendant, which upheld the decision of the defendant's zoning enforcement officer to approve an application for a permit by the plaintiff's neighbors to build a retaining wall along the plaintiff's shared property line. The plaintiff claimed that the court erred in determining that the proposed retaining wall was not a structure within the meaning of applicable zoning regulations. *Held*:

Because the permit approved by the defendant had expired and the plaintiff failed to demonstrate that her claim was reviewable under the capable of repetition, yet evading review exception to the mootness doctrine, this court dismissed the plaintiff's appeal as moot and vacated the judgment of the trial court and the decision of the defendant.

Argued January 6—officially released March 18, 2025

*Procedural History*

Appeal from the decision of the defendant affirming the decision of its zoning enforcement officer approving an application for a building permit to build a retaining wall, brought to the Superior Court in the judicial district of Hartford and tried to the court, *Schuman, J.*; judgment dismissing the appeal, from which the plaintiff, on the granting of certification, appealed to this court. *Appeal dismissed*; *judgment vacated.*

*Viriginia Brown*, self-represented, the appellant (plaintiff).

*Kari L. Olson*, with whom was *Joseph D. Szerejko*, for the appellee (defendant).

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Opinion*

CRADLE, J. The plaintiff, Virginia Brown, appeals from the judgment of the trial court dismissing her appeal from the decision of the defendant, the Zoning Board of Appeals of the Town of Avon, which upheld the decision of the zoning enforcement officer to approve an application for a building permit filed by the plaintiff's adjoining property owners to build a retaining wall along the shared property line for the purpose of expanding their driveway. The plaintiff challenges on appeal the court's determination that the defendant properly held that the proposed retaining wall was not a "structure" within the meaning of the applicable zoning regulations and therefore did not need to comply with setback requirements. Because the permit approved by the defendant has expired, we dismiss the plaintiff's appeal as moot and vacate the judgment of the trial court and the decision of the defendant.

The following undisputed facts and procedural history are relevant to our consideration of this appeal. The plaintiff owns a residential property in Avon adjacent to property owned by Thomas Gresh, Nicole Gresh, and Joseph Farraye (applicants or neighbors). On September 30, 2021, the applicants applied for a permit to construct a retaining wall, six feet high, 180 feet long, along the shared property line. The proposed retaining wall would be composed of large concrete blocks measuring three feet high and five feet long, each weighing more than 4400 pounds, set on the ground on a base of "crushed stone compacted." The purpose of the retaining wall was to build up the grade of the portion of the applicants' property adjacent to the border with the plaintiff's property so that they could expand the width of their driveway from fifteen feet to approximately forty feet. The wall as constructed would lie within approximately one foot of that border line.

On October 27, 2021, Hiram Peck, the town's zoning enforcement officer, issued a certificate of zoning compliance and the building official issued a building permit. On March 4, 2022, the plaintiff first learned that the certificate of zoning compliance and building permit had been issued, after the applicants "clearcut a dozen or so mature trees" along the shared property line.

On March 8, 2022, the plaintiff sent an email to Peck inquiring why the permit issued in the absence of a variance which, she alleged, was required because the proposed retaining wall was a "structure" under the town's zoning regulations and, therefore, subject to the setback requirements. On March 14, 2022, Peck responded, inter alia, that the proposal had been "reviewed for compliance with all applicable building codes, engineering standards and zoning standards" and it was determined that the proposed retaining wall complied with the regulations in that walls and fences historically have not been considered structures and therefore a variance was not required. On March 15, 2022, Peck told the plaintiff, inter alia, that the proposed retaining wall "was approved on October 27, 2021, by the authorized wetlands agent who is properly credentialed for such a determination."

On March 25, 2022, the plaintiff appealed both to the defendant and to the Inland Wetlands Commission (IWC).[1] As to her appeal to the defendant, the plaintiff challenged the issuance of the zoning permit on the ground that "the proposed concrete block retaining wall qualifies as a 'structure' and is within the twenty-five foot front side yard setback area required for the RU-2A zone." As to her appeal to the IWC, the plaintiff

---

[1] Specifically, the plaintiff filed an appeal of the issuance of the zoning permit with the defendant, an appeal of the issuance of the building permit with the building code board of appeals, and an appeal of the inland wetlands staff decision with the IWC.

challenged "the administrative approval of the proposed driveway expansion and concrete block retaining wall, notwithstanding that the proposed construction constitutes 'regulated activity' well within the upland review area and will invariably impact the wetlands located on the property, which requires approval by the [IWC]."

On April 28, 2022, the defendant held a public hearing on the plaintiff's appeal challenging the issuance of the zoning permit to address "the zoning enforcement officer's interpretation and determination of the Avon Zoning Regulations regarding the definition of structure as it pertains to a fence/wall." After the hearing, the defendant denied the plaintiff's appeal. On May 23, 2022, the plaintiff appealed to the trial court.

While that appeal was pending, the IWC held a public hearing, on June 13, 2022, on the plaintiff's appeal from the administrative decision to approve the plans for the proposed retaining wall. The IWC upheld the plaintiff's appeal and ordered that a full application for the construction of the proposed retaining wall be submitted to the IWC.

On June 5, 2023, the trial court, *Schuman, J.*, dismissed the plaintiff's appeal of the issuance of the zoning permit. In its memorandum of decision, the court noted: "A 'structure' under the [Avon Zoning] [R]egulations [(regulations)] is 'anything constructed or erected which requires location on the ground or attachment to something having location on the ground but excluding pavement.' Section IV.A.2.f of the regulations provides that 'structures customarily incidental to a single-family dwelling shall be located at least ten feet from side or rear lot lines in the rear yard, or if not in the rear yard, conforming to front and side yards in the applicable zone . . . .' A chart in section IV.A.6 of the regulations contains the side yard regulations applicable for each

zone. Under the chart, the minimum side yard set back distance for zone RU-2A is twenty-five feet for any lot in existence as of June 27, 2006, which, the parties do not dispute, would include the [neighbors'] lot." The court determined that, according to the plain language of the regulation, the wall satisfies the definition of a structure, as it is something that is erected and will be placed on the ground on a base of crushed stone. The court determined, however, that several provisions of the regulations identify the terms "structure," "wall," and "fence" as distinct terms while used in the same sentence. The court also determined that the plaintiff's interpretation of the term "structure" to include the neighbors' proposed retaining wall would logically lead to the inclusion of all other walls and fences in Avon, which interpretation would impose on owners of hundreds of fences in the town the burden of having a nonconforming use, which is "unreasonable and not one that the court could assume that the drafters of the regulations intended." In light of that potential result, the court found that "[t]he more reasonable and rational conclusion is that the retaining wall here, along with the other residential walls and fences, are not 'structures' " under the regulations. This certified appeal followed.

On November 15, 2023, the neighbors filed a revised application for a building permit which "includes the same structural retaining wall but avoids the wetlands area on the subject property." As of September 10, 2024, "the permit ha[d] not been issued."

Before considering the plaintiff's challenge to the court's conclusion that the retaining wall at issue is not a structure that is subject to setback requirements, we must address the defendant's argument that the plaintiff's appeal is moot.

"[A] case is considered moot if [the] court cannot grant the [litigant] any practical relief through its disposition of the merits . . . . [T]he . . . doctrine is designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions [that] may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . [A]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *United Illuminating Co.* v. *Public Utilities Regulatory Authority*, 350 Conn. 660, 668–69, 325 A.3d 900 (2024).

The parties agree that the permit issued on October 27, 2021, has expired.[2] The plaintiff nevertheless contends that this appeal from the defendant's decision upholding the issuance of that permit is not moot because the neighbors filed a revised application on November 15, 2023. As stated herein, the record reflects, and the parties do not dispute, that that application had not been acted upon as of September 10, 2024. Because no action was taken on that application within thirty days of its filing, that application is void. Accordingly, there is no longer an ongoing controversy between the parties and the plaintiff's appeal is moot.[3]

---

[2] Section 105.5 of the State Building Code provides in relevant part: "Every permit issued shall become invalid unless the work on the site authorized by such permit is commenced within 180 days after its issuance, or if the work authorized by such permit is suspended or abandoned for a period of 180 days after the time the work is commenced. . . ."

[3] At oral argument before this court, the defendant agreed that, because the November 15, 2023 application had not been acted upon, it is "void as a matter of law" and, consequently, the town can no longer grant it. The defendant further indicated that, if the neighbors wished to pursue their proposed driveway expansion, they would need to file a new application.

The plaintiff argues that this matter is reviewable, regardless of mootness, under the capable of repetition, yet evading review exception to the mootness doctrine. "The mootness doctrine does not preclude a court from addressing an issue that is capable of repetition, yet evading review. . . . [F]or an otherwise moot question to qualify for review under the capable of repetition, yet evading review exception, it must meet three requirements. First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." (Internal quotation marks omitted.) *CT Freedom Alliance, LLC* v. *Dept. of Education*, 346 Conn. 1, 13, 287 A.3d 557 (2023).

"Focusing on the second prong of the exception, the analysis entails two separate inquiries: (1) whether the question presented will recur at all; and (2) whether the interests of the people likely to be affected by the question presented are adequately represented in the current litigation. A requirement of the likelihood that a question will recur is an integral component of the capable of repetition, yet evading review doctrine. In the absence of the possibility of such repetition, there would be no justification for reaching the issue, as a decision would neither provide relief in the present case nor prospectively resolve cases anticipated in the future. . . . The second prong does not provide an

exception to the mootness doctrine when it is merely *possible* that a question could recur, but rather there must be a *reasonable likelihood* that the question presented in the pending case will arise again in the future . . . .'' (Emphasis in original; internal quotation marks omitted.) *R. G.-R.* v. *S. R.*, 226 Conn. App. 547, 559,       A.3d      , cert. denied, 349 Conn. 923, 321 A.3d 1131 (2024).

The plaintiff's argument as to the second prong of the exception is limited to asserting that "it is almost certain [that] this exact question will arise again in the future as there is a near identical building permit pending which, if this issue is not resolved now, will almost certainly be granted leading to further identical litigation between the plaintiff and the defendant." As discussed herein, however, that application was not acted upon within thirty days from the date of its filing and is, therefore, void. The plaintiff thus has failed to satisfy the second prong of the capable of repetition, yet evading review exception, and, consequently, she has failed to demonstrate that her claim is reviewable under that exception.[4]

Having determined that the plaintiff's appeal is moot, we next consider whether the trial court's judgment and the defendant's decision determining that the retaining wall at issue did not constitute a structure that was subject to setback requirements should be vacated. The following principles govern our analysis.

"[W]hen an appeal is dismissed as moot, the party who is unable to obtain judicial review should not be barred from relitigating the factual and legal issues decided in rendering that judgment. . . . Vacatur is

---

[4] Because the plaintiff does not satisfy the second prong of the "capable of repetition, yet evading review" exception, we need not address the first and third prongs.

commonly utilized . . . to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences. . . . In determining whether to vacate a judgment that is unreviewable because of mootness, the principal issue is whether the party seeking relief from [that] judgment . . . caused the mootness by voluntary action. . . . A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment . . . . The same is true when mootness results from unilateral action of the party who prevailed below." (Citation omitted; internal quotation marks omitted.) *United Illuminating Co.* v. *Public Utilities Regulatory Authority*, supra, 350 Conn. 675. We likewise have "the equitable authority to direct vacatur of a mooted agency decision." Id., 677.

Here, it was the action of the applicants, who failed to meet the temporal requirements pertaining to the October 27, 2021 permit that rendered the plaintiff's appeal moot, and the defendant, who then invited us to hold that it is moot. The plaintiff has pursued every available avenue both to reverse the defendant's decision and to overturn the legal precedent that it established. Directing the vacatur of that decision, and the decision of the trial court upholding it, wholly eliminates any lingering concerns regarding the applicability of that precedent in the future.

The appeal is dismissed and the judgment of the trial court and the decision of the defendant are vacated.

In this opinion the other judges concurred.